United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND, et al.,

    Plaintiffs,

  v.

K.V.F., INC.,

    Defendant.
                                   /

No. C 15-00790 WHA

**NOTICE REGARDING DEFAULT AND DEFAULT JUDGMENT**

    Now that a default has been recorded against a defendant herein, this notice provides guidance to counsel regarding the next steps.

    1.    All defendants against whom default and default judgment are sought should have been properly served with the summons and operative complaint. Proof of service, signed under oath, should be filed in the record. Please make sure this has been done. As a courtesy and to provide yet further notice, defendants should be promptly mailed (or personally served with) a copy of any motion for a default judgment. If there is a genuine dispute or doubt as to service of the summons and operative complaint, an evidentiary hearing may be set.

    2.    The operative complaint must state a claim for relief in order for a default judgment to be enforced. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 55, 61–70 (2d Cir. 1971), *reversed by Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 389 (1973). No relief will be provided for inadequately-pled claims. Necessary facts outside of the pleading are *not* established by default and may not be added in by supplemental declaration.

1    A common mistake is to assume that the scope of offending conduct can be fleshed out with
2    supplemental declarations. Not so. The scope of offending conduct is limited to the well-pled
3    allegations in the operative complaint served on the defaulting defendant, for this is the
4    pleading to which the recipient had to decide whether to appear and defend versus concede by
5    default. In other words, before a motion for a default judgment is filed, plaintiff should make
6    sure the operative complaint served on the defaulting defendant provides all of the allegations
7    necessary. *Alan Neuman Productions., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988),
8    *cert. denied*, 493 U.S. 858 (1989).

9    4.    With respect to any motion for default judgment, plaintiff must file all of the
10   declarations and relevant documents necessary to show the damages sought. The motion should
11   explain with specificity the damages flowing from (and only from) the well-pled, specific
12   allegations in the complaint. Please be reasonable. General unspecified damage claims will not
13   be sufficient. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

14   5.    Once judgment is entered, a new lawsuit against the same defendant by the same
15   plaintiff based on the same transaction and occurrence will be barred by *res judicata*.

17   Dated: April 3, 2015.



WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2